UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD RAY OWEN, JR.,

Plaintiff,

v.                                                CAUSE NO.: 3:19-CV-122-JD-MGG

OFFICER EDDY, et al.,

Defendants.

OPINION AND ORDER

Donald Ray Owen, Jr., a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Owen alleges that, on January 1, 2019, he was in a day room at the Elkhart County Corrections Center, and Officer Addair ordered him to put on his uniform. As he was dressing, Officer Eddy approached and scolded Owen for not wearing his uniform. Owen told Officer Eddy, "Fuck this uniform, fuck this dayroom,"

and Officer Eddy ordered Owen to return to his cell. Officer Eddy then pulled out a taser and ordered Owen to turn and get on the ground. As Owen was complying with Officer Eddy's orders, Officer Eddy shot him with a taser in the back and continued to tase him as he fell on the ground. Correctional staff then escorted Owen to his cell. At his cell, Owen requested medical attention for his back. He also requested a new uniform and a shower because he had soiled himself when he was tased. Correctional staff ignored his requests for assistance, and he did not receive a new uniform until two days later.

Owen asserts an Eighth Amendment claim of excessive force against Officer Eddy for tasing him and against Officer Addair for not intervening. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so could be held liable under § 1983." *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004). The complaint states a plausible Eighth Amendment claim of excessive force against Officer Eddy. It is unclear from the allegations whether Officer Addair had a realistic opportunity to stop Officer Eddy, but,

giving Owen the inferences to which he is entitled at this stage of the proceedings, the complaint also states a plausible claim against Officer Addair for failing to intervene.

Owen also names Corporal Ryall as a defendant. However, he omits any mention of Corporal Ryall in the narrative portion of the complaint. Because there is no indication that Corporal Ryall violated Owen's constitutional rights, this defendant is dismissed.

Owen also requests a subpoena for the surveillance video recordings of the use of force incident. A party has a duty to preserve evidence when he knows, or should have known, that litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The duty to preserve evidence encompasses any evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action. *Larson v. Bank One Corp.*, 2005 WL 4652509, *10-11 (N.D. Ill. August 18, 2005); *Danis v. USN Communications, Inc.*, 2000 WL 1694325, *32 (N.D. Ill. Oct. 20, 2000). By receiving this order, the defendants are advised that they must preserve any such video recordings, and Owen may request them from defense counsel during the discovery stage. As a result, there appears to be no need for a subpoena, and the request for subpoena is denied.

For these reasons, the court:

(1) GRANTS Donald Ray Owen, Jr., leave to proceed on an Eighth Amendment claim of excessive force against Officer Eddy for tasing him on January 1, 2019;

(2) GRANTS Donald Ray Owen, Jr., leave to proceed on an Eighth Amendment claim against Officer Addair for failing to intervene when Officer Eddy tased him on January 1, 2019;

(3) DISMISSES Corporal Ryall;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Eddy and Officer Addair at the Elkhart County Corrections Center with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Eddy and Officer Addair to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Donald Ray Owen, Jr., has been granted leave to proceed in this screening order

SO ORDERED on March 25, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT